**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

BRANDON ANDERSON                                                                PLAINTIFF


V.                                    NO: 3:17CV00140 JM/PSH


BECKY HITT, *et al.*                                                           DEFENDANTS


## PROPOSED FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following proposed Findings and Recommendation have been sent to United States District Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation.  If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

Plaintiff Brandon Anderson ("Anderson"), an inmate at the Poinsett County Detention Center ("PCDC"), filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated by the grievance procedure (or lack thereof) at the PCDC. *See* Doc. No. 1.  For the reasons described herein, the undersigned finds he fails to state a claim for relief.

## I.  Screening Standard

Federal law requires courts to screen prisoner complaints.  28 U.S.C. § 1915A, 1915(e)(2). Claims that are legally frivolous or malicious; that fail to state a claim for relief; or that seek money

from a defendant who is immune from paying damages should be dismissed before the defendants are served.  28 U.S.C. § 1915A, 1915(e)(2).  Although a complaint requires only a short and plain statement of the claim showing that the pleader is entitled to relief, the factual allegations set forth therein must be sufficient to raise the right to relief above the speculative level. *See* Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  . . .").  While construed liberally, a *pro se* complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable.

## II.  Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. 42 U.S.C. § 1983.  Anderson claims that his constitutional rights were violated due to the PCDC's grievance procedures (or lack thereof) for inmates.  *See* Doc. No. 1 at 4-9.  Inmates do not have a constitutionally protected right to a grievance procedure.  *See Flick v. Alba,* 932 F.2d 728, 729 (8th Cir. 1991) (per curiam) (federal grievance regulations providing for administrative remedy procedure do not create liberty interest in access to that procedure). "'[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates.  Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment.'" *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (quoting *Azeez v. DeRobertis,* 568 F.Supp. 8, 10 (N.D. Ill. 1982)).  Thus, Anderson's complaints regarding the PCDC's grievance policy are not actionable under section 1983.

### III.  Conclusion

For the reasons stated herein, it is recommended that:

1.      Anderson's claims be dismissed without prejudice for failure to state a claim upon which relief may be granted.

2.      Dismissal of this action count as a "strike" within the meaning of 28 U.S.C. § 1915(g).

3.      The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation or the accompanying judgment would not be taken in good faith.

IT IS SO RECOMMENDED this 24th day of July, 2017.

_____
UNITED STATES MAGISTRATE JUDGE